IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00980-GPG

ELIZABETH ANNE BRYANT,

    Plaintiff,

v.

JUDGE DEBRA BOUDREAU,
COMMISSIONER OF SOCIAL SECURITY,

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Elizabeth Anne Bryant, has filed *pro se* an Amended Complaint (ECF No. 7). The court must construe the Complaint liberally because Ms. Bryant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Ms. Bryant will be ordered to file an amended complaint if she wishes to pursue her claims in this action.

    The court finds that the Amended Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN,*

*Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Bryant fails to provide a short and plain statement of the grounds for the court's jurisdiction. In other words, Ms. Bryant fails to identify the statutory authority that allows the court to consider the claims she is asserting in this action.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Ms. Bryant indicates she is seeking judicial review of a decision denying her claim for social security disability benefits. If so, the court has jurisdiction to consider her claim or claims pursuant to the Social Security Act. Assuming Ms. Bryant is seeking judicial review of a decision denying her claim for social security disability benefits, the proper Defendant is the Commissioner of Social Security, in her official capacity, and not an individual administrative law judge. *See* 20 C.F.R. § 422.210(d). If Ms. Bryant intends to assert some other claim or claims, she must identify the specific

statutory authority that allows the court to consider the claim or claims.

Ms. Bryant also fails to provide a short and plain statement of her claims showing she is entitled to relief.  She fails to allege when the Commissioner denied her claim for social security disability benefits and the reason her administrative claim was denied.  Ms. Bryant also fails to identify the specific provision within the Social Security Act that authorizes her claim.

For these reasons, Ms. Bryant will be ordered to file an amended complaint if she wishes to pursue her claims in this action.  In order to state a claim in federal court Ms. Bryant "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  In order to satisfy the requirements of Rule 8, it may be helpful for Ms. Bryant to attach to her amended complaint a copy of the Commissioner's decision denying her claim for social security disability benefits in addition to alleging the specific facts that support her claim as discussed above.

If Ms. Bryant fails within the time allowed to file an amended complaint that complies with this order and the pleading requirements of the Federal Rules of Civil Procedure, the instant action will be dismissed without prejudice.  However, Ms. Bryant is warned that, even if the action is dismissed without prejudice, the dismissal may act

as a dismissal with prejudice if the time for filing an action seeking review of the denial of social security benefits expires. *See Rodriguez v. Colorado*, 521 F. App'x 670, 671-72 (10th Cir. 2013).  Pursuant to Section 205(g) of the Social Security Act, a civil action must be commenced "within sixty days after the mailing to him of notice of [any final decision of the Commission of Social Security] or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g).  Accordingly, it is

ORDERED that Ms. Bryant file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that Ms. Bryant shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Ms. Bryant fails within the time allowed to file an amended complaint that complies with this order as directed, the action will be dismissed without further notice.

DATED July 7, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge